## MARY LOUISA GRICE *v.* MARTHA ANN PEARSON et al.

No action can be maintained against the heirs of a deceased person, upon the promise of the deceased person to take charge of the plaintiff, to educate her, to settle her in life, and to give her the bulk of her estate, at her death ; even where the deceased had made a will in favor of the plaintiff, which was adjudged to be void from defects of form. Such a promise by the deceased would be void for uncertainty, and being in the nature of donations *mortis causa*, will be considered as revoked, unless embodied in a valid will.

<div style="text-align:right">GRICE<br>v.<br>PEARSON.</div>

APPEAL from the District Court of Concordia, *Farrar*, J. *Alfred Hennen*, for plaintiff. *Stacy* and *Sparrow*, and *R. H. Marr*, for defendants. The judgment of the court *(Eustis*, C. J., absent,) was pronounced by

ROST, J. This is an action against the heirs at law of *Nancy Neal Jones*, deceased, upon her promise to take charge of the plaintiff, to educate her, to settle her in life, and to give her the bulk of her estate at her death, which promise, it is alleged, was in part executed by *Mrs. Jones* taking charge of the plaintiff and putting her to school; and, also, by making a will in her favor, which has since been adjudged to be void, for defects of form.

The defendants excepted to the action, on the ground, that the petition discloses no cause of action; and the plaintiff has appealed from the judgment sustaining that exception.

We are of opinion, that the petition discloses no obligation, binding in law upon the heirs of the deceased, however binding it may be in conscience. The alleged promise of the deceased, to settle the plaintiff in life, and to give her the bulk of her estate at her death, even if made in the proper form, would be void for uncertainty; they, moreover, partake of the nature of dispositions *mortis causa ;* they were essentially revokable, during the life of *Mrs. Jones*, and must be considered as revoked, unless they have been embodied in a valid will.

Since the abolition of adoption in this State, tutors and under-tutors are not permitted to surrender the absolute control and care of the persons of minors to any one, except so far as may be necessary for their education; and no action can be maintained on the agreement, entered into for that purpose, with *Mrs. Jones*.

It is therefore ordered and decreed, that the judgment be affirmed, with costs.