Marchand v. Coyle.

upon a note dated 14th April, 1863, for $732, and a due bill for $50, dated 12th May, 1863.

The defence is, in substance, a general denial, and that said obligations were made due at Ponchatoula, in this State, then in the hostile possession of the enemies of the United States; that the same had been brought contrary to law, within the jurisdiction of the Court, and that the payee thereof, or his assignee, the plaintiff, has no cause of action upon the same, or any right to stand in judgment.

The District Court gave judgment in favor of the defendant, and the plaintiff appealed.

Upon the trial below, the defendant offered in evidence the *record* in the case of *Marchand* v. *Coyle*, in the Third District Court of New Orleans. The record of this suit is not comprised in the transcript of appeal brought up, and the certificate of the clerk shows that it contains all the *documents filed.* This shows that the defendant did not offer and file copies of the record of said suit. The word *record* does not mean *copies;* and it was his duty to procure and file copies in due time. This case, as it is seen, was tried in the Sixth District Court, and the record offered in evidence was in the Third District Court; for all this the plaintiff and appellant cannot be blamed, and the case must be remanded, at the costs of the appellee. C. P. Art. 906. *Abat & Generes* v. *Harris*, 16 An. 183. *Evin* v. *Murphy*, 11 R. 477. *Lyon* v. *Andrews*, 5 An. 602. *Barrow* v. *Landry*, 12 An. 83.

It is therefore ordered and decreed, that the judgment appealed from be reversed, and that the case be remanded, to be proceeded in according to law, and that the defendant and appellee pay the costs of appeal.

---

MOORE & BROWDER, for the use of C. E. ALTER, *v.* T. B. BREES.

Where a party brings suit for the use of another, the party bringing the suit has the legal right to control the suit, and if he of his motion discontinues or dismisses the suit, the party for whose use the suit was brought, is without legal right or authority to prosecute it to judgment for his own benefit.

APPEAL from the Sixth District Court of New Orleans, *Theard,* J. *Elmore & King*, for appellant. *Race, Foster & Merrick*, for appellee. R. H. *Marr*, for Moore & Browder.

LABAUVE, J. This case presents a sole question of law; none of fact. The plaintiffs, Moore & Browder, brought this suit for the use of Chas.

E. Alter, and at the same time, on filing a bond and the affidavit required by law, sequestered sixty-four bales of cotton in the hands of the defendant, upon which they alleged a privilege. They pray that there be a judgment against the said defendant for the use of said Alter, ordering said cotton to be delivered to them, to be sold to pay the debt.

On the 20th November, 1865, on motion of R. H. Marr, of counsel for Moore & Browder, it was ordered by the Court that this suit be dismissed so far as Moore & Browder were concerned, without prejudice to the right of C. E. Alter to prosecute his demand.

The Court ordered that said motion and order be served on Elmore & King, as attorneys for Alter, and that they show cause on Saturday next why the said suit should not be discontinued, as moved for.

Elmore & King answered that said Moore & Browder had no interest in this suit, that they were nominal parties, and had no right to interfere or do anything adverse to the rights of C. E. Alter.

On the 25th November, 1865, on motion of Race, Foster & Merrick, of counsel for defendant:

It was ordered by the Court that plaintiffs and Charles E. Alter, show cause instanter why the order allowing said Alter to bond the 64 bales of cotton sequestered, should not be rescinded, as having been wrongfully obtained, substantially on the grounds:

That the ten days had not expired. That the plaintiffs had taken a rule to dismiss the suit; that said Alter not being plaintiff, could not bond; that the petition discloses no legal right in said Alter to the possession of said cotton as owner, or in any other manner, nor any right or privilege upon the same.

On a hearing the Court set aside the order allowing Alter to bond the cotton, and ordered the Sheriff to take possession of the same subject to the order of the Court.

On the 25th November, 1865, the motion to discontinue the suit, filed by Moore & Browder, having been considered by the Court, the suit was ordered to be dismissed, plaintiffs paying the cost.

From this judgment, dismissing the whole suit, and setting aside the order allowing the cotton to be bonded by said C. E. Alter, this appeal is taken by said C. E. Alter.

Now the plaintiffs, Moore & Browder, having dismissed the suit on their own motion, the question arises : Is Charles E. Alter, for whose use the suit is brought, a party plaintiff who can prosecute the suit and stand in judgment ? It is contended by his counsel that he is the real plaintiff, and that Moore & Browder are nominally so. On the other side, it is urged by the defendant's counsel, that there is now before the Court no party plaintiff who can carry on the suit to judgment.

The practice of sueing for the use of another, is based upon the ground that whoever has the legal title and can sue for himself, may sue for the benefit of whom he pleases, in the same manner as he might dispose of

the funds after judgment, if he sued in his own name.   19 L. R. 207.

The question presented here is whether the plaintiffs, Moore & Browder, had the control of the suit, and having dismissed it, whether C. E. Alter remained in Court with legal authority to prosecute it for his own benefit.

We are of opinion that the right to sue, being in Moore & Browder, they had the control of the suit which, being dismissed on their own motion, left C. E. Alter without legal right or authority to prosecute it to judgment for his own benefit.

It is therefore ordered and decreed, that the judgment appealed from be affirmed, with costs.

---

## SUCCESSION OF ANTOINE HEBRARD.

The purchaser of property, at a judicial sale of property belonging to a succession, is not bound to look further back than the order of the Court ordering the sale.  If the order is made by a Court of competent jurisdiction, the purchaser is not responsible for the proceedings which preceded the order of sale.

He is not bound to inquire whether the Court was mistaken in the facts, upon which the order of sale is based.

APPEAL from the Second District Court of New Orleans, *Thomas*, J. C. *Dufour*, for executor.

*A. Pilot, for appellant.*—Antoine Hebrard died in the city of New Orleans, in the year 1860.   Among the property inventoried is a lot of ground with the buildings thereon, situated in Common street, valued at the sum of $11,000.   The succession was opened, and on the 25th day of January, 1862, a petition was presented by the executor for the sale of said property, in order to pay the then existing debts, on the following terms and conditions, agreed upon by all parties interested, viz : "For the slaves, cash; for the real property, one-third cash, balance for notes at six and twelve months, secured by mortgage, with six per cent. interest from date."

At the foot of the petition, all the heirs, together with the attorney for the absent heirs, and the executor, have affixed their signature, approving said terms and conditions.

In April, 1862, the property was adjudicated for $ —— , but the currency then offered in payment of the cash due having been refused, the adjudication was annulled by common consent.

Three years elapsed, during which time no sale took place on account of the unsettled state of the country, the houses were rented, and pay-