## No. 14,127.

EDWARD A. VIGUERIE VS. G. L. HALL ET ALS.

### SYLLABUS.

A suit brought by the seized debtor, or his assignee, against the purchaser at a judicial sale to annul the sale, is not a petitory action, though plaintiff prays, as a consequence of a judgment in his favor, that he be decreed to be the owner of the property and placed in possession. There is no necessity for the petition in such a suit to specifically describe the property purchased, when allegations as to the suit and the sale fix, unmistakably, its identity. There is no necessity for such an assignment to be by authentic act, nor as against the purchaser at the sale to have been recorded. In a suit brought upon an assignment of a right of action evidenced by a writing in which the assignment is declared to have been made for "value received," defendant cannot urge, upon an exception of no cause of action, that the instrument should have specifically set forth what the actual consideration was, and set forth all the details of the transaction. It is *prima facie* valid. Defendant is without legal interest to inquire into the precise character of the transfer, unles he can allege and show injury. All he can exact is full defense and protection.

A PPEAL from the Nineteenth Judicial District, Parish of Iberia—.
Cammack, Judge ad hoc.

D. Caffery & Son and J. Sully Martel, for Plaintiff, Appellant.

Voorhies & Voorhies, Fenner, Henderson & Fenner, and Clegg & Quintero, for Defendants, Appellees.

The opinion of the court was delivered by NICHOLLS, C. J.

### STATEMENT OF THE CASE.

The plaintiff having appealed from an exception of no right and no cause of action, it is necessary for a proper understanding of the case that the petition which was filed should be transcribed in full:

"The plaintiff alleged that on the 11th of June, 1896, an order of seizure and sale was signed in the suit of Sealey vs. Hall, No. 2734 on the docket of the Nineteenth Judicial District Court of Iberia, under which the sheriff seized and sold certain property which he described, belonging to Mrs. F. C. Viguerie."

"That said property was duly advertised to be sold at the courthouse in the Parish of Iberia on the 25th day of July, 1896, it appearing by the advertisement that the whole of the property would be sold as a unit under said writ. That the aforesaid property was fully equipped as a sugar plantation with sugar house, machinery and apparatus for refining sugar, all of modern make and of good quality, and also with a large growing crop of cane, corn and other plantation products, and a certain number of mules and plantation implements, all constituting together with the land, buildings and refinery, a complete sugar plantation, worth, with all its contents, not less than one hundred and fifty thousand dollars."

"That after the issuance of said writ and prior to the date of the aforesaid sale certain creditors claiming privileges on the sugar house and the acre of ground on which it stood, and upon the crop then growing upon said plantation, filed ex parte oppositions or interventions in the said executory proceedings, in which they asked for a separate appraisement of the sugar house and acre of land, and of the crop, and it was thereupon ordered, ex parte, that a separate appraisement of said

property be made, and that the sheriff hold the *prorata* proceedings from the sale thereof in his hands until the claims were adjudicated."

"That notwithstanding the orders for the sale of the whole of said property as a unit, and the advertisement in conformity with said order, and the subsequent orders for a separate appraisement, as aforesaid, the said property was dismembered and offered for sale in parcels, the naked land being first offered for sale, and adjudicated for the sum of forty thousand five hundred dollars to G. L. Hall, Mrs. Lillie W. Weeks, wife of G. L. Hall, and Miss Harriet Weeks, residents of the Parish of Iberia, in the proportion of one undivided half to G. L. Hall, and an undivided quarter to each of the other purchasers; after which the sugar house and the acre of land upon which it stood, and all fixtures, appliances and appurtenances therein contained, were offered separately and adjudicated to the same parties, in the same undivided proportions, for the sum of seven hundred dollars; and, thirdly, all the crops of cane, corn and other plantation products growing upon said property were offered and sold separately to the same parties for the sum of four hundred and sixty-nine 70-100 dollars; and, finally, the mules and implements attached to said plantation and forming part thereof were sold separately and adjudicated to the same above named parties."

"That Mrs. F. C. Viguerie, the defendant in execution, filed on the day of sale and placed in the hands of the sheriff, by whom the same was read aloud before the bidding began, a written protest against the dismemberment of her property and the offering of same for sale as thus dismembered, to which no attention was paid; the sheriff proceeded with the sale of the property, as above recited, and in addition a verbal protest was made in her behalf."

"That at the opening of the sale, a bid of fifty thousand dollars was offered for the whole property, the bidder being prepared to bid a much larger sum, which bid was rejected by the sheriff, who proceeded to the sale of the property in parcels, and adjudicated same as above recited."

"That the sale of the aforementioned property in parcels, as recited, was not only contrary to law, but was not authorized by any order of court. That such sale inflicted irreparable loss, as no competition was allowed, no bid entertained, and no bid could possibly be entertained, for the whole of the property under the unauthorized and illegal proceeding of the sheriff, the sugar house and the crop having no value to any other bidders than those who had bought the land."

"That the sale as made was virtually preceded by no advertisement, no sale of the whole property as advertised having been made, and that no bids were given on said property when it was offered piecemeal, except the bids of the aforesaid adjudicatees."

"That the purchasers of the property were the immediate vendors of the defendant in execution, and they well knew that the offering and selling of the aforesaid property in parcels was in violation of the stipulations of the act of sale and mortgage."

"That said property which sale is inscribed in book X, folio 298, had been bought not long previously by Mrs. Viguerie for one hundred thousand dollars, and had by her been improved by the expenditure of about thirty-five thousand dollars, in the sugar house, which was sold for seven hundred dollars; and, that after the adjudicatees at said sheriff's sale went into possession of said property they sold one hundred acres thereof, with the right to mine all salt on said island to the Myles Salt Company, Limited, a corporation organized under the laws of the State of Louisiana, and domiciled in the Parish of Iberia, Louisiana, of which F. F. Myles is president, for the sum of three hundred thousand dollars, of which land the said company is now in possession."

"That said company does not possess in good faith, having bought with full notice of the nullities recited above, all of which appear on the face of the papers relating to said sale."

"That the proceedings related above amounted to actual spoliation, and that the adjudicatees are likewise possessors in bad faith, and that they with the said Myles Salt Company, Limited, owe rents, profits and revenues from the dates of their respective possessions; that the adjudicatees owe in the proportion in which they bought, as stated above, rents, profits and revenues from the date of adjudication, and that the third possessor owes rents, profits and revenues from the day of its purchase of the aforesaid property, which was on the 10th day of May, eighteen hundred and ninety-eight."

"That the rents, profits and revenues due by the original adjudicatees amount to ten thousand dollars per annum, and by the third possessor to thirty thousand dollars per annum, from the date of its purchase. Petitioner is the transferree and subrogee for a valuable consideration of all the rights and rights of action possessed and held by the defendant in execution, Mrs. T. C. Viguerie, on the day of the sale and since, and appears in this proceeding in his own behalf."

"That prior to the institution of this suit, he offered to pay to the adjudicatees the price paid by them to the sheriff under the sale as herein attacked as illegal, and made a formal tender thereof to them, and demanded that the property acquired by them be retransferred to him in consideration of the said offer and of the said tender, but they refused, all in the presence of witnesses."

The Myles Salt Company excepted that the plaintiff's petition disclosed no cause of action and no right of action in favor of the plaintiff, either against it or the other defendant.

G. L. Hall, Mrs. G. L. Hall and Miss Harriet Weeks excepted to plaintiff's petition on the ground of vagueness, for this:

"That plaintiff, Edward A. Viguerie, who claims the ownership of the property mentioned and described in his petition, and who demands to be placed in possession thereof, does not set forth with that certainty required by law, the nature, origin and description of his titles to said land, so as to apprise your appearers of the material facts and circumstances of his alleged ownership, and which are necessary to put them on their just defense, and to bar any subsequent investigation of the matters set forth in his pleadings, when they shall have been once decided."

"That he does not state in his petition who has suffered irreparable loss by the adjudication of that property, by the sheriff, whether it be himself personally, or some one else. Nor does he give the name of the person who made the alleged bid of $50,000.00. Nor does he state whether that unknown person then and there protested against the adjudication of that property to appearers. Nor does he take the proper steps in due time to protect his alleged rights under said bid, all of which are facts material and necessary to be set forth with certainty in the pleadings to put appearers on their just defense."

"That he does not state what stipulations of the act of sale and mortgage on which were based the executory proceedings were violated by the offering and sale of the seized property, nor in what manner those stipulations were violated."

"Appearers allege that all these facts are material, and must be set forth explicitly to notify them of the nature and extent of plaintiff's demand and pretensions of ownership, as well as the facts on which he relies to support and maintain his action, in order to permit appearers to prepare and file their proper defense."

"Therefore, appearing solely for the purposes of this exception, they

pray that it be maintained and that plaintiff's action be dismissed with costs, and for all relief."

They next prayed for *oyer* of plaintiff's muniment of title, as set forth in his petition, and that on failure to produce the same the suit be dismissed.

On June 21st, 1901, the exceptions of no cause of action and no right of action and the plea of vagueness were referred to the merits, and the prayer for *oyer* was granted and plaintiff ordered to comply with said prayer within ten days, otherwise the suit would be dismissed.

On June 28th, 1901, the plaintiff in obedience to the order of court filed the document on which he had declared. On July 11th, G. L. Hall, Mrs. G. L. Hall and Miss Harriet Weeks filed an exception of no right and no cause of action, and for that purpose averred that the document filed by the plaintiff in obedience to the order of the court to produce his muniment of title, is not a document which gives title to the land claimed, because, first, it is not a sale, as there is no mention of a price nor is it a document evidencing the sale of any specific piece of property, and much less that of Weeks' Island, or Grand Cote plantation, as it contains the description of no land whatever, neither by boundary nor by number of acres.

Nor is it a document of any value in law, inasmuch as it purports to be a private act which is not evidenced by any witness, and which has never been recorded and is still unrecorded in the Parish of Iberia, and which has never been acknowledged before any officer of the law authorized to receive such acknowledgment.

Because said document purports to be merely a transfer of a right or cause of action to set aside, rescind and annul a judicial sale, an incorporeal right, which cannot by any means be construed as a sale of landed property on which to ground a petitory action, as is done in this case.

Because said document not evidencing a sale, inasmuch as it contains no specifications of a price, cannot even be looked upon as an intended gift or donation, being an absolute nullity, not being made conformably to law and vesting in plaintiff no interest whatever in this matter.

Plaintiff being therefore without interest, and having no muniment of title, is also without right to contest the adjudication made to movers and exceptors, as set forth by him in his pleadings.

Exceptors and appearers further plead that plaintiff's petition discloses no cause of action, because:

1st. He does not allege injury to himself.

2nd. Because there is not in his pleadings any offer on the part of plaintiff to warrant that the property adjudicated to appearers by the sheriff by the judicial sale which he assails, if resold, would bring a higher price than it did at the first sale.

They therefore pray that their exceptions be maintained, and that plaintiff's action be dismissed with costs.

On trial, the exceptions of no right and no cause of action were sustained and the suit dismissed, and plaintiff appealed.

## OPINION.

NICHOLLS, C. J. Defendant's first contention is that the action brought by the plaintiff is a petitory action; that such an action can only be brought by one having title to the property he seeks to revendicate; that the instrument upon which the plaintiff declares is not a sale vesting title to the property in the possession of the adjudicatees at a judicial sale.

That it evidenced no "sale," as no price in money is fixed as the consideration of the transfer; that it is not the sale of an immovable, as the act contains no specific description of any property, either by metes, bounds or areas.

Plaintiff's action is not a petitory action; he does not claim that he had at the time of the institution of the suit ownership of the property, and that the defendants were in possession of it without title; on the contrary, his action admits that they presently hold title, but he urges that the judicial sale under which they claim is defective and should be set aside. The action is one to annul a judicial sale of property of which Mrs. Viguerie was confessedly the owner at the time of the execution sale and then holding and owning it under title from the present vendees. The title which defendants conveyed to the plaintiff's assignor is not questioned; the contention is that it was good and valid and that Mrs. Viguerie has not been legally divested of it.

It may be that the judgment in this suit may shift the present ownership of the property out of the defendants into the plaintiff, but that will only be by way of consequence and result. Plaintiff's prayer to be decreed the owner of the property and placed in possession is based upon the assumption that he will succeed in having the sale set aside.

We think that the object sought to be obtained and the subject-matter of the suit are clearly and specifically set out. Defendants are certainly advised as to the property which they purchased at sheriff's sale on the day stated in the matter of the suit of Sealey vs. Hall, No. 2784 of the docket of the District Court for Iberia Parish, and of the property which they themselves had previously sold to Mrs. Viguerie, and it is the judicial sale of that property which is sought to be avoided besides. "*Id certum est quod certum reddi potest.*" There may be occasions where it is necessary for the ascertainment of the rights of parties that the exact legal character of a particular instrument should be fixed, but we are not able, *up to the present time,* to see what difference it makes to the defendant whether the document on which plaintiff declares is technically a "sale" or not.

The exact situation in this respect can be made to appear on the trial of the cause, should it be shown to be a matter of any importance.

In Helluin vs. Minor, 12 Ann. 124, in which defendant defended a petitory action, basing his defense upon an assignment to him of a patent to public land, in which it was declared simply that the assignment was made "for value received," the court said:

"The plaintiffs contend that if the act referred to be considered a sale, it is void for want of a fixed and determinable price; if it be considered a donation, the assignment is void, not having been passed before a notary public and two witnesses. There cannot be any doubt that our courts would consider the instrument invalid as a donation, and it may not be (technically considered) a sale under the Civil Code, but it does not necessarily follow that the contract itself, after its execution, is to be considered as void because it cannot be classed under the contract of sale. (Troplong Vente No. 148.) A contract is not invalid because the cause has not been properly expressed. (Civil Code, No. 1894.)"

In Kirk vs. Kansas City R. R. Co., 51 Ann. 675, the court said:

"If there be a valid existing cause for a contract, it is immaterial that it should not fall under some contract particularly named or classified in the Code. (C. C. 1777.)" See on this same subject Walker vs. Fort, 3 La. 536; Jackson vs. Miller, 32 Ann. 432; Bonner vs. Beard, 43 Ann. 1038.

Defendants' next contentions are that the document is of no value so far as third persons are concerned, because it is signed only by the

parties to it, is witnessed by no one and has never been recorded. (C. C. 2266-2442); that it is not valid, even as the sale of a litigious right, because it makes no mention of a price (C .C. 2652); that it is an absolute nullity as a donation *inter vivos,* if intended as such (C. C. 1326).

We are aware of no law by which a transfer, such as the instrument declared on evidences on its face, should be made by authentic act, and we know of no reason why it should, as against defendants, have been recorded. The defendants do not claim to hold the right which is declared to have been transferred by the instrument, nor to have claims in respect to it as creditors, which have been affected by non-registry. The character and effect of the transfer will have to be determined hereafter. As matters stand simply on an exception of no cause of action, we must assume it to be a legal act. Defendants have as yet shown no equities in the premises, and there is nothing to indicate that a single right or defense which they had or have against Mrs. Viguerie could not be as effectually set up against the present plaintiff as against her. Defendants have no legal interest in inquiring into the relations between the plaintiff and his transferrer, or the motives or purposes which may have influenced them in passing the act, further than in seeing that she is not legally injured thereby. The same defenses which would have been available to defendants as against a demand made by Mrs. Viguerie, to annul the judicial sale, appear to be open to them as against the plaintiff. They can ask no more. It is no unusual occurrence for parties to place their property and rights in the name and under the control of others, without any consideration whatever and without the intention of ownership being actually transferred.

Such acts are permissible and cannot be gainsaid, unless they carry injury to some one. A *simulation* is not necessarily a fraud; it is only so when injury to third persons is intended. (Gravier vs. Carrably, 17 La. 118.)

Our court has held that simulated transfers may be for a lawful purpose, as, for instance, to enable the transferree to bring suit; to raise money, etc., etc. (See 6 Ann. 710; 10 Ann. 570; 12 Ann. 622.) Parties opposing such acts must allege and show wherein they are aggrieved thereby. (Hennen, 180.)

This doctrine finds expression in repeated adjudications of this court in matters of bills and notes under a syllabus to the effect that the " holder of negotiable paper endorsed in blank may sue, though only

agent, in his own name, or he may sue as holding the legal title for the use of the real owner. Defendant has no right to enquire whether plaintiff in whom the legal title appears to be vested, be an agent or the real owner, unless by a fictitious assignment it be attempted to deprive him of substantial grounds of defense, which he may have against the true owner. The judgment will be *res judicata* against any one who might thereafter claim an interest in the note or bill." (Noble vs. Flower, 3G Ann. 740.)

Defendants urge that the right or cause of action to rescind, annul and set aside an adjudication at a judicial sale is essentially personal to the party divested of his title by that sale, and cannot be transferred to a third person having no interest in the result of the proceedings that have culminated in that sale. No one but the party thus divested, or perhaps his creditors, can exercise that right, because it is only the party who has been injured by that sale who can demand its nullity and rescission. They cite 6 Ann. 581 to 585; 12 Ann. 271; 29 Ann. 212.

The decisions referred to by defendants were all rendered after hearing upon the merits. The principles announced therein may possibly be important hereafter, but they do not find application in the present situation of affairs. The doctrine therein announced is that "judicial sales ought not to be annulled, unless at the instance of a party who has a right to sue for their rescission and who can show an injury resulting to him from the sale, and without a previous offer of indemnity to the *bona fide* parties whose interests are to be affected by the judgment."

In the case at bar the action is not brought by a person claiming adversely as a creditor, but by one asserting the rights of the party who was the owner of the property at the time of the sale, and standing in her shoes as her assignee. Plaintiff's rights are derivative through transfer and subrogation from that owner herself. It is her rights which are herein sought to be enforced through the plaintiff. She, as the owner divested of ownership through the judicial sale, had certainly a legal interest to attack it for good and sufficient reasons alleged and to be shown. Plaintiff's allegations certainly show great injury to Mrs. Viguerie if they can be sustained by proof. One of the difficulties in the way of our sustaining the judgment appealed from is that we are in the dark as to the exact situation of these various parties before and at the time of the judicial sale, *inter se* and *quoad* the property. These are all back of plaintiff's petition and back of defendants' exception of

no cause of action. It will require further pleadings and evidence to develop the situation so that we can deal with it advisedly. We are restricted now to one single exception, which has to be determined on the face of the papers and with plaintiff's allegations taken for true.

From that standpoint we cannot affirm the judgment appealed from. The District Court should have overruled the exceptions and permitted the action to proceed according to law.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be, and the same is hereby, annulled, avoided and reversed. It is further ordered and decreed that the exceptions of no cause of action and of no right of action be overruled without prejudice; that the cause be remanded to the District Court for the Parish of Iberia, reinstated on its docket, and further proceeded with according to law.

BREAUX, J., takes no part.

MONROE, J., dissents.

Rehearing refused.