(36 South. 105.)

No. 14,971.

RUDDOCK CYPRESS CO., Limited, v. PEYRET.

(Feb. 29, 1904.)

PETITORY ACTION—TITLE TO MAINTAIN.

1. An act of sale in the ordinary form, save that it contains a stipulation whereby the vendee binds himself, his heirs and assigns, to retransfer the land to the vendor, his heirs or assigns, when the timber shall have been removed, or at the expiration of 50 years, even though the timber be not removed, vests an imperfect ownership and real right, and affords sufficient basis for a petitory action.

(Syllabus by the Court.)

Certiorari from Court of Appeal, Fifth Circuit.

Action by the Ruddock Cypress Company, Limited, against Jean Peyret. Judgment for plaintiff was reversed by the Court of Appeal, and plaintiff and its vendee apply for certiorari or writ of review. Judgment of Court of Appeal reversed.

Robert J. Perkins, for applicants. Lievin De Poorter, for respondent.

## Statement of the Case.

MONROE, J. The Ruddock Cypress Company, Limited, brought the above-entitled suit in the district court for the parish of St. John the Baptist, alleging that it is the owner of certain lands in that parish, and setting forth its title at length; further alleging that Jean Peyret has taken possession of said lands, claiming ownership thereof, but that its title is older and better than his; and praying "that there be judgment for your petitioner, the true and lawful owner of said lands, that its title thereto be decreed superior and paramount to that of Jean Peyret, defendant, and that defendant be enjoined from setting up any title to said lands," and "for costs and general relief."

In support of its demand the plaintiff exhibited an act of sale of the property in question, executed by the Leon Godchaux Company, Limited, before Le Gardeur, notary, January 1, 1900, which is in the ordinary form, save that it contains a stipulation whereby its representative binds and obligates "the said Ruddock Cypress Co., Ltd., its administrators, successors and assigns, to retransfer the said * * * lands unto the said Leon Godchaux Co., Ltd., * * * as soon as all the cypress timber shall have been removed therefrom, * * * and binding the said Ruddock Cypress Co., Ltd., to remove the said cypress timber * * * within a period of fifty years from the date" of the instrument, "and to * * * retransfer the said lands * * * at the expiration of the said fifty years, even though the said cypress timber has not all been removed"; such retransfer, whenever effected, to be made without consideration.

There was judgment in the district court in favor of the plaintiff, and the defendant appealed. Whilst the case was pending in the court of appeal, a motion was made on behalf of the plaintiff and its vendee, representing that the plaintiff had sold the land in question to the Ruddock Orleans Cypress Company, and praying for an order making that company a party plaintiff, and the defendant objected to the granting of the order. Thereafter the Court of Appeal, without passing upon the question thus presented, reversed the judgment appealed from, and directed that the plaintiff's suit be dis-

missed, and, after an ineffectual attempt to obtain a rehearing, the original plaintiff and its vendee, the Ruddock Orleans Cypress Company, joined in the application which we are now considering for the review of that judgment.

The defendant, Peyret, now moves to dismiss this application, on the grounds:

(1) That the original plaintiff, having sold the land in dispute, is without interest to prosecute the same.

(2) That its vendee, not having been a party to the suit originally, has no right to intervene for that purpose.

(3) That the application was made more than thirty days after the judgment of the Court of Appeal had become final.

### Opinion.

The motion to dismiss is not well founded. A plaintiff may assign his claim, and agree that the suit shall continue in his name for the benefit of his assignee (Towne v. Crouch, 7 La. Ann. 94), or his assignee may make himself a party plaintiff, and continue it in his own name. In neither case has the defendant reason to complain, since the matter at issue will be concluded by the judgment to be rendered, and a satisfaction of the judgment by the parties to the record or the sheriff will amply protect him.

It is true that the rehearing was refused by the Court of Appeal June 23, 1903, and that the application to this court was made July 30, 1903, more than 30 days later; but it appears that the judgment refusing the rehearing was not "entered" until July 2, 1903, and, as the Constitution requires applications for review to be made "not later than thirty days after the decision of the Court of Appeal has been rendered and entered," it follows that the application was made in time.

The Court of Appeal rests its judgment on the proposition that the action is a petitory one, and that the title exhibited by the plaintiff is not such a title as will support an action of that character. We make the following excerpts from the opinion, to wit:

"The issue upon which we think this case should be decided would equally affect the claims of the original plaintiff * * * or its assignee. * * * The plaintiff in this case * * * is plaintiff in a petitory ac-

tion seeking the revendication of real property admittedly in possession of the defendant, and claiming for itself ownership and title." The court then mentions the act of sale from the Godchaux Company and proceeds: "This act is clothed with the phraseology and declarations usual to a transfer of real estate. * * * However, after setting forth the consideration for which the alleged sale is made, the instrument concludes with a stipulation and agreement which discloses more of the motives, intention, and meaning of the parties to the contract than is apparent in the main body of the writing."

The stipulation for the retransfer of the property is then recited, and the court again proceeds:

"From this document we conclude that the true intent of the contracting parties was to sell and accept the sale of the cypress timber growing on the land described in the act. * * * An act, though purporting to be an act of sale of real estate, burdened and limited with such conditions and stipulations, does not and cannot convey the fee in the land. Though disguised under the form of a transfer of real estate, it is, in effect, a sale of timber growing on the land, and mobilized in anticipation; a sale of personal property, and not of realty. Lumber Co. v. Sheriff, 106 La. 414, 30 South. 902. * * *. We do not agree with the contention of counsel that the act of sale * * * conveyed such a real right in the land as, under article 45 of the Code of Practice, would entitle the plaintiff to a petitory action. * * * We conclude that neither the land itself nor the real right therein was conveyed by the act of sale; consequently, plaintiff's case must fail on the weakness of its showing of title."

We agree with the learned court that the action must be regarded as petitory; the fact that the plaintiff prays to be decreed the owner of immovable property being sufficient to determine its character, and it being optional with the plaintiff to assert the right of possession, or any other right, accessory and of inferior dignity to that of ownership, in the same or a subsequent proceeding, as it may elect. The learned court, however, reached the conclusion that the muniment of title exhibited by the plaintiff

and made part of its petition discloses nothing more than a purchase and sale of movable property, and the judgment rejecting plaintiff's demand is tantamount to the maintenance of an exception of no cause of action, the question of the fact and sufficiency of the title set up by the defendant not having been reached.

We are unable to concur in that conclusion. The title sued on is in the usual form, save for the stipulation concerning the retransfer of the property. It is quite probable that the motive of the vendee in making the purchase was to secure the timber, rather than the land, but the question whether one person has parted with and another has acquired title to land depends, in the absence of affirmative evidence, properly admitted, of an intention different from that expressed, rather upon the language of the contract than the motive which underlies it, and there can be no doubt in this case that, whatever the motive may have been, the language of the contract conveys to the vendee a title to the lands in question, subject to no other condition than that it shall retransfer it to the vendor at the expiration of 50 years, or when the cypress timber shall have been removed, and that it also conveys to the vendee the right to remove the timber from the land during the whole of the period mentioned. The question, then, is, has the vendee become the owner of the property, or has it acquired any real right in it, within the meaning of the law authorizing a resort to the petitory action? Article 45 of the Code of Practice reads: "The petitory action may be brought by one who has the ownership only of an undivided part of an estate or a real right to which such estate is subjected, though his ownership may be limited to a certain period, or end by the occurrence of a certain event."

Ownership is perfect or imperfect. "It is imperfect when it terminates at a certain time, or on a condition." Civ. Code, art. 490.

"An obligation is real when it is attached to immovable property without making the third person personally responsible." Civ. Code, art. 1997. Among the illustrations given by the lawmaker of real obligations we find: "A sale subject to a rent charge, or a right of redemption as consideration for the sale, * * * servitudes, the right of use and habitation, and usufruct." Id. art. 2012.

Considering that plaintiff is to have the usus fructus and abusus of the property in question for 50 years, it seems impossible to deny that there is vested in it an imperfect ownership, which includes a variety of real rights, and hence that its petitory action is well brought. We are unable to see that the question here at issue is in any way affected by the decisions in the cases of Lumber Co. v. Sheriff, 106 La. 414, 30 South. 902, and Williams v. Sheriff, 107 La. 92, 31 South. 926, to which our learned Brothers refer.

As the case is presented, we do not feel called upon to go further than to hold that the title exhibited by the plaintiff affords a sufficient foundation for the action brought.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal, which is here made the subject of review, be annulled and avoided, and that the title exhibited by the applicant herein be held to be sufficient to serve as a foundation for the action brought by said applicant, and that the honorable the Court of Appeal for the Fifth Circuit proceed with the hearing of the said case upon the basis thus indicated.