(96 South. 668)

No. 24853.

SMITH et al. v. RICHLAND COMPRESS & WAREHOUSE CO.

(April 30, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Bailment** ⟶14(1)—Warehousemen ⟶24(2)—Cotton compress and warehouse company held negligent in handling and compressing cotton.

Cotton compress and warehouse company which left cotton on open platforms and leaky sheds and compressed it when in a wet condition, though it should have known this would ruin the cotton, *held* negligent.

2. **Assignments** ⟶54—One to whom legal title assigned held entitled to sue for damages, though he had not paid assignors.

One to whom legal title to cotton damaged by compress company was assigned could sue for the damages for his own account or for that of the assignors, and it was no concern of the compress company that he had not paid the assignors.

3. **Assignments** ⟶100—Defenses held available in action by assignee of cotton for damage.

In action against compress company for damage to cotton brought by one to whom legal title to the cotton had been assigned, all defenses available against the assignors were open to the defendant.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Jr., Judge.

Action by W. E. Smith and others against the Richland Compress & Warehouse Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellant.

Blanchard, Goldstein & Walker, of Shreveport, for appellees.

ST. PAUL, J. This is a claim for damages to certain cotton, caused by water and by being compressed whilst wet, all whilst in the possession of the defendant. All the items of damage are fully proved in detail.

The defense set up in the answer is that the cotton was sent to be compressed, and that plaintiffs, though duly notified to do so, refused to remove said cotton as soon as it was compressed.

### I.

[1] As indicated by its name, and shown by its charter and by the evidence, defendant was engaged in the business of storing cotton as well as compressing; and the evidence further shows that defendant was not in the habit of compressing the cotton as soon as received, but only when ordered to ship it.

It is further shown that plaintiffs were never notified to remove their cotton, but only *advised* to do so, because defendant's compress and warehouses were becoming overcrowded and the season was unusually wet. It also shows that the cotton was left on open platforms and in leaky sheds, although there was a large and empty warehouse right next to defendant's premises belonging to the Farmers' Union, in which defendant could and should have stored the cotton instead of complaining, as they now do, that plaintiffs should have done so.

It is further shown that some of these plaintiffs were not aware that their cotton was exposed to the weather, and some were assured that the damage was slight, and that the cotton would be dried out before being compressed. And the fact remains that the cotton was compressed in a wet condition, without being dried out, which defendant, as an expert in the business, knew or should have known would result in ruining the cotton.

The record is voluminous, and made up in a haphazard fashion, without sequence in the order of testimony, and without proper index to the witnesses so that the gathering of the facts has been extremely laborious for the court; and those facts being once impressed on the mind, it is well-nigh impossible to attribute the evidence to any particular witness or point the particular place in the transcript at which the various details are given by which the general conclusion has been reached. But the testimony, as a whole, leaves on the mind the firm conviction that the facts are as above stated. The district judge evidently thought that there was negligence on the part of defendant, which negligence was the sole cause of the damage; and so do we.

### II.

[2, 3] It is said that whilst one of the plaintiffs sues for a part, as the assignees of certain other persons, yet the evidence shows that he never paid these parties for the cotton and is therefore merely suing for their benefit and has no interest as to such cotton.

There is no merit in the contention. All the defenses, which were available against these parties, were open to defendant in this case, and since it has suffered no injury by having their claims presented in this form, it is without interest to inquire into the nature of the transaction as between the parties to it. Smith, having the legal title to the cotton in his name, could sue for his own account or for whom he pleased, and the put-

ting of the title in his name was an implied authority to sue on account thereof; of course, defendant could not be deprived of its defenses against the assignor of the claim, but there is no pretense that it was in this case. Rawle v. Skipwith, 19 La. 207; Moore & Browder v. Bres, 18 La. Ann. 483; Smith v. Atlas Steam Cordage Co., 41 La. Ann. 1, 5 South. 413; Torian v. Weeks, 46 La. Ann. 1502, 16 South. 405; Viguerie v. Hall, 107 La. 776, 31 South. 1019; Lejeune v. Vaufrey Sugar Co., 123 La. 871, 49 South. 603; Hanton v. Railway & Light Co., 124 La. 562, 50 South. 544.

### Decree.

It is therefore ordered that the judgment appealed from be affirmed.