The judgment appealed from is, therefore, affirmed.

(135 So. 670)

**McGAW v. CANAL BANK & TRUST CO. et al.**
No. 30649.

March 25, 1931.

Rehearing Denied June 22, 1931.

Harry P. Sneed, of New Orleans, for appellant.

Dart & Dart and Terriberry, Young, Rault & Carroll, all of New Orleans, for appellees.

ROGERS, J.

The plaintiff, William H. McGaw, purchased from time to time certain blocks of shares of the capital stock of the Marine Bank & Trust Company, of New Orleans. As a result of these purchases, plaintiff was the owner on January 24, 1927, of 200 shares of said stock at a total cost to him of $37,177.89. On that date, plaintiff deposited his stock certificates with the Marine Bank & Trust Company, through its trust department. The certificates were unindorsed, and were unaccompanied by any power of attorney. In the receipt executed by the bank the deposit was acknowledged and was stated to be "for the account of and subject to the order of" the depositor. It was also recited that the securities would be released to the depositor upon the return of the original receipt, unless he

should notify the depositary to the contrary. No other instructions, written or oral, were given concerning the deposit. When the quarterly dividends on the stock were declared and paid, the bank, without charge, deposited the dividend checks to the depositor's credit in his checking account.

On June 7, 1928, plaintiff left New Orleans for an extended Western trip without leaving his address with the bank. On June 15, 1928, the bank advised its stockholders and the public generally that its regular quarterly dividend payable July 2, 1928 would be reduced from $3 to $2 per share. On July 3, 1928, the Marine Bank & Trust Company merged with the Canal Bank & Trust Company, of New Orleans, the latter institution taking over the former institution and assuming its debts and liabilities.

On September 28, 1928, plaintiff, who had returned to New Orleans, tendered the Canal Bank, as the custodian of his stock, the receipt issued by the Marine Bank, together with a power of attorney to transfer the stock, coupled with a demand for the payment to him of $37,177.89, which he claimed to be the market value of his stock prior to the announcements of the reduction in dividends and the merger of the two banks. On the refusal of plaintiff's demand by the Canal Bank, plaintiff withdrew his stock from the custody of that institution by surrendering his receipt. After the withdrawal, plaintiff sold the stock on the open market, receiving therefor the sum of $21,980. Plaintiff then brought this suit against the Canal Bank & Trust Company and the Marine Bank & Trust Company, in solido. for $15,197.89, the difference between $37,177.89 that he paid for the stock and $21,980 for which he sold the stock. The court below dismissed the suit, and plaintiff appealed.

Plaintiff does not deny that he received from the bank the identical stock certificates

which he had intrusted to its care. His complaint is, that due to the alleged fault of the bank in failing to inform him that its rate of dividend must be reduced he was not afforded the opportunity of selling his stock without loss on the open market. Plaintiff does not dispute that he received the same notice of the contemplated reduction of the quarterly dividend payable July 2, 1928, as his costockholders in the bank received. His contention seems to be that the bank is responsible to him in damages because he was not given notice in advance of the general notice issued to the stockholders that the dividend would be reduced in order that he might have shifted the loss, incident to the resulting depreciation of his stock, from his own shoulders to the shoulders of the general public, who were without such information. We think the contention is untenable.

The deposit was purely gratuitous. No reward was promised or given the bank for the safe-keeping of the stock certificates. Nor was the fact that plaintiff was a general depositor of the bank sufficient to hold the bank to that rigid accountability incident to a deposit for hire, or one in which the depositary expressly agrees to be answerable for all neglects. None of the conditions set forth in article 2938 of the Civil Code entered into the agreement of the parties. The bank's receipt was merely an agreement to preserve the stock certificates and to release them upon the order of the plaintiff. The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property. Civ. Code, art. 2937. He cannot use the thing deposited without the express or implied permission of the depositor. Civ. Code, art. 2940. He ought to restore the precise object which he received. Thus, a deposit of coined money must be restored in the same specie in which it was made, whether it has sustained an increase or diminution of value. Civ. Code, art. 2944. And the depositary is only bound to restore the thing in the state in which it is at the moment of restitution. Deteriorations, not effected by any act of his, are to the loss of the depositor. Civ. Code, art. 2945.

We do not find that the bank failed to comply with the obligations imposed upon depositaries under the codal articles. It safely preserved plaintiff's property, and returned it to him in kind. Civ. Code, art. 2926. Whatever loss plaintiff suffered, by reason of the depreciation in value of his stock, was not due to gross or inexcusable negligence on the part of the bank, but to the general depressed business conditions, reflected in smaller earnings and warranting the bank's directors to reduce the dividend. As soon as this action was determined upon, plaintiff, in common with his costockholders, was advised by letter and by advertisements in the daily newspapers.

Plaintiff cites the following cases as in some measure supporting his position, viz.: Dupeux v. His Creditors, 7 Rob. 242; Levy v. Pike, 25 La. Ann. 633; Berard v. Boagni, 30 La. Ann. 1125; Smith v. Richland Compress & Warehouse Co., 153 La. 820, 96 So. 668. We have read these cases and do not find that the doctrine of any one of them is contrary to the conclusion we have reached and announced in the instant case.

For the reasons assigned, the judgment appealed from is affirmed.