(138 So. 437)

## T. AUCOIN & SONS v. YOUNG (TRICHE, Intervener).

### No. 31396.

Nov. 3, 1931.

Rehearing Denied Nov. 30, 1931.

Pecot & Bauer, of Franklin, for appellant.

Rene H. Himel, of Franklin, and Walter T. Gilmore, of Morgan City, for intervener.

ROGERS, J.

Plaintiffs instituted a petitory action against one Paul Triche, who was in possession of the property claimed by plaintiffs. Triche answered, disclosing that his possession was that of tenant of one Napoleon Young. Young was then substituted as a party defendant and Triche intervened claiming to be the owner of the improvements.

Plaintiffs predicate their title on a sale from one Aurelius Montet by an authentic act duly registered in the parish records.

After answering, putting at issue plaintiffs' alleged title, Young, the defendant, obtained a subpœna duces tecum under which plaintiffs produced an agreement, providing that the purchase price should remain in escrow until plaintiffs obtained possession of the property from the occupant, Triche, either amicably or by judicial proceedings. Defendant then filed an exception of no cause of action, on the theory that plaintiffs had no title to support their suit. This exception was sustained by the district court. On appeal the judgment was reversed on the original hearing (132 So. 133), but affirmed on the rehearing (135 So. 280); and the case is now before us for review on plaintiffs' application for the appropriate writs.

The Court of Appeal holds, as the basis of its decision, that the act of sale construed with reference to the contemporaneously executed escrow agreement constitutes an agreement of sale, and not a sale; and that, consequently, the ownership of the property has not passed to plaintiffs, who are without right to maintain a petitory action against the defendant. The case of Peck v. Bemiss, 10 La. Ann. 160, is held by the court to be controlling on the point and to furnish ample authority for its ruling.

Pretermitting all technical procedural questions, and assuming that the case is prop-

erly before us, the sole issue to be determined is the effect to be given to the escrow agreement entered into between plaintiffs and their vendor, Aurelius Montet.

We think the transaction between plaintiffs and Montet is a sale and not a mere promise of sale, as contended by defendant and as held by the Court of Appeal. Unquestionably the authentic act between the parties is on its face an absolute sale. According to one of its recitals the purchase price was paid to and received by the vendor in cash. This recital is not negatived by the language of the escrow agreement. On the contrary, it is reaffirmed by the agreement, which reads in part as follows, viz.: "It is agreed * * * the purchase price of $75.00 *paid* by the said T. Aucoin & Sons should remain in escrow, etc." (Writer's italics.) The fact that the vendor after receiving the purchase price was willing to deposit it in escrow pending efforts of the vendees to supplement the fictive possession following the act of sale by actual possession obtained through the removal of the occupant of the property cannot divest the transaction of its character as a cash sale. And there is nothing in this conclusion, so far as we can see, inconsistent with the laws governing sales as laid down in the Code.

The case of Peck v. Bemiss, 10 La. Ann. 160, is not, in our opinion, appropriate to the case at bar. There the instrument on which the petitory action was predicated was by its terms clearly nothing but a promise of sale. Here the suit is based on a title absolute on its face. The escrow agreement is a private transaction between the contracting parties, and of no concern whatever to any third person.

The defendant, Young, cannot be prejudiced in his defense by the escrow agreement. He is at liberty to set up any defense

against plaintiffs that he could set up against Montet, plaintiffs' vendor. Vide, West v. Negrotto, 52 La. Ann. 381, 27 So. 75, 80; Adolph v. Richardson, 52 La. Ann. 1156, 27 So. 665.

The settled jurisprudence appears to be, as said in West v. Negrotto, supra: "Where an outstanding title in some third person is set up by the defendant in a petitory action, and plaintiff produces a title from that person himself, this title must stand until it be set aside by the party entitled to have the sale set aside." See also Leathem & Smith Lumber Co. v. Nalty, 109 La. 325, 33 So. 354. Cf. Ruddock Cypress Co. v. Peyret, 111 La. 1019, 36 So. 105.

In Viguerie v. Hall, 107 La. 767, 775, 31 So. 1019, 1022, this court, considering an attack by the purchaser at a judicial sale on the right of an assignee of the seized debtor to sue for the annulment of the sale, said:

"As matters stand, simply on an exception of no cause of action we must assume it to be a legal act. Defendants have as yet shown no equities in the premises, and there is nothing to indicate that a single right or defense which they had or have against Mrs. Viguerie could not be as effectually set up against the present plaintiff as against her. Defendants have no legal interest in inquiring into the relations between the plaintiff and his transferror, or the motives or purposes which may have influenced them in passing the act, further than in seeing that she is not legally injured thereby. The same defenses which would have been available to defendants as against a demand made by Mrs. Viguerie to annul the judicial sale appear to be open to them as against the plaintiff. They can ask no more. It is no unusual occurrence for parties to place their property and rights in the name and under the control of others, without any consideration whatever, and without the intention of own-

ership being actually transferred. Such acts are permissible, and cannot be gainsaid, unless they carry injury to some one. A simulation is not necessarily a fraud. It is only so when injury to third persons is intended."

The ruling in Viguerie v. Hall was approved and followed in Hunter v. Chicago Lumber & Coal Co., 156 La. 19, 100 So. 35, and in Smith v. Richland Compress & Warehouse Co., 153 La. 820, 96 So. 668.

We think the ruling is peculiarly applicable to the case presently before us. Defendant has no legal interest in inquiring into the nature of the contract between plaintiffs and Montet. Under the title and the escrow agreement plaintiffs have no greater rights than Montet. All the defenses available to defendant as against Montet, are open to him as against plaintiffs. He is entitled to and can ask no more.

For the reasons assigned, the rule nisi herein issued is made absolute, and, accordingly, the judgments of the Court of Appeal and of the district court are annulled; the exception of no cause of action is overruled; and the case is remanded to the district court for further proceedings consistent with the views herein expressed. The costs of this proceeding in all the courts to be paid by defendant; all other costs to abide the final determination of the suit.