No. 4114

Second Circuit

CANNON v. NOMEY

(December 9, 1931.   Opinion and Decree.)
(January 14, 1932.   Rehearing Refused.)

O. A. Easterling, of Monroe, attorney for plaintiff, appellee.

H. W. Ayres, of Jonesboro, and J. Rush Wimberly, of Arcadia, attorneys for defendant, appellant.

DREW, J.  Plaintiff instituted this. suit to recover $700, the balance alleged to be due on four pool tables sold to defendant. He alleged that the sale was made on September 14, 1930, and the purchase price was $900, on which defendant had paid the sum of $200; that the contract of sale was verbal; that he agreed to put the tables in first-class condition, at which time the purchase price was to be due; that the tables were delivered on September 25, 1930, and the contract, in so far as he was concerned, was fulfilled on October 8, 1930, when the tables were put in first-class condition.

Defendant denied that the consideration was $900, and alleged it to be $450, on which amount he had paid $200, leaving a balance due of $250, which amount he deposited with the court, plus the cost at the time the answer was filed. He admits

the tables were placed in first-class condition and the delivery of same.

The lower court rendered judgment in favor of plaintiff, as prayed for, and defendant has appealed.

Appellant filed in this court a motion setting out that the plaintiff had parted with all interest in the judgment and that said suit could not be prosecuted in this court in his name, and without proper parties being made; that the judgment should be reversed and remanded to the lower court for proper proceeding. He attached to the motion two letters addressed to defendant, one by the plaintiff, and one by the attorney for plaintiff, in which defendant is advised that the judgment had been sold to one William Haddad, of Monroe, La. We do not think the motion is well founded. The act transferring or assigning the judgment is not before us, and we know not what it contains.

In the case of Ruddock Cypress Company v. Peyret, 111 La. 1019, 36 So. 105, 106, the court said:

"A plaintiff may assign his claim, and agree that the suit shall continue in his name for the benefit of his assignee (Towne v. Couch, 7 La. Ann. 94), or his assignee may make himself a party plaintiff, and continue it in his own name. In neither case has the defendant reason to complain, since the matter at issue will be concluded by the judgment to be rendered, and a satisfaction of the judgment by the parties to the record or the sheriff will amply protect him."

In the case of Dugue v. Levy, 120 La. 369, 45 So. 280, 281, the court said:

"It is well settled in our jurisprudence that a plaintiff may assign his suit to a creditor, and that the creditor may then prosecute the suit either in his own name or in that of plaintiff. Towne v. Couch, supra; Ruddock Cypress Co. v. Peyret, supra."

The motion is therefore overruled.

The case evolves itself into one of fact only and only one question to decide: Was the purchase price $900 or $450?

The parties to the suit are all Syrians, and most of the witnesses are of that nationality. The lower court found the facts to be in favor of plaintiff and that the purchase price was $900. In refusing a new trial, the lower court said:

"The decision in this case was reached after a careful consideration of the testimony of all the witnesses. I heard all of them testify and observed them while on the witness stand. The witnesses, without regard to the side upon which they testified, impressed me equally with respect to the weight and credibility of their testimony. But I find that there is a preponderance of testimony in favor of the contention of plaintiff that the consideration agreed upon for the four tables was $900.00. I reached this decision, notwithstanding the fact that the testimony is most confusing, conflicting and contradictory."

Nothing would be gained by a detailed review of all the testimony in this case. We fully agree with the judge of the lower court, in that the testimony is conflicting and contradictory, and we are not prepared to say that the judgment of the lower court is manifestly erroneous.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with all costs.