MORGAN *vs.* WHITESIDES' CURATOR.

EASTERN DIST.
*January,* 1840.

MORGAN
*vs.*
WHITESIDES'
CURATOR.

14L 277
47 1287

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF POINTE COUPEE, THE JUDGE OF THE SECOND PRESIDING.

Two demands, clearly inconsistent and exclusive of each other, cannot be cumulated in the same action; but the plaintiff may make his election, which he will proceed with, at the trial.

An order for the discontinuance of a suit may be used as evidence of this fact, as soon as it is entered on the minutes. It does not require the signature of the judge.

It is not enough to obtain an injunction staying executory proceedings, to show an abstract irregularity. Injury to the applicant, or some apprehension of it, can alone justify a resort to this remedy.

So, an injunction should not be granted to stay an order of seizure and sale, when it is clear the party has a right to make another seizure, by taking out an *alias* order.

This suit commenced by injunction. The plaintiff alleges he purchased a tract of land at the probate sale of Philip Whitesides' succession, in the parish of Pointe Coupée, in November, 1836. That since then, David Whitesides, curator, and one of the heirs of P. Whitesides, obtained an order of seizure and sale, against this land, for the payment of the sum of four thousand and sixty dollars, with interest, which was seized by the sheriff on the 30th June, and advertised on the 3d of August, 1838, allowing only three days, when the defendant, in the seizure, resides more than forty miles from the judge who granted the order.

That said David Whitesides, as curator, heir, agent of the other heir, and one S. A. Lard, have also commenced suit against him for the same land, claiming to be owners under another title. He alleges various other informalities in the executory proceedings, and prays for an injunction to restrain and stop the sale, &c. The defendants pleaded a general denial, and averred that the injunction was wrongfully sued out, and ought to be dissolved with damages.

Upon these pleadings and issues, the cause was tried.

On the trial, the defendant offered an extract from the minutes of the court, to show that he had discontinued his

EASTERN DIST. suit for the land, which was received, and the trial ordered
January, 1840. to proceed in relation to the order of seizure.   The plaintiff's
counsel objected, and excepted to the order of continuance
MORGAN      as evidence, on the ground that it was not signed by the
vs.        judge.
WHITESIDES'
CURATOR.

On the evidence and documents produced, the court dissolved the injunction without damages, and the plaintiff has appealed.

*Stevens,* for the plaintiff.

I. The court below erred in receiving in evidence a judgment of non-suit or discontinuance, taken in this case, in relation to the defendant's claim to the land :

1. Because it was taken at the same term of the court in which it was offered in evidence.   *Code of Practice, article 555.*

2. Because it had not been signed by the judge.

II. No notice was given to Morgan of the existence of the order of seizure and sale, nor of the writ of seizure and sale, *before the sheriff seized the land,* after which said Morgan was notified that, unless he paid the mortgage debt and costs, within *three days,* the land would be advertised and sold, though the said Morgan resided at the distance of about forty miles from the residence of the judge who granted the order.   Hence said Morgan was entitled to five full days notice before the said seizure could be legally made.   *Code of Practice, article 735.   7 Martin, N. S., 512, 513.*

*Patterson,* contra.

*Morphy, J.,* delivered the opinion of the court.

The appellant complains of the dissolution of an injunction sued out to arrest the execution of an order of seizure and sale, taken by defendant, as curator of the estate of Philip Whitesides.

The main grounds assigned below were :

1. That at the time the order of seizure and sale issued against the property, which plaintiff had bought of the estate of P. Whitesides, there was a suit pending in which the land

was claimed of him; that said suit had been brought by defendant, as curator, and in his own name and that of his brother, both sole heirs of Philip Whitesides, together with one S. A. Lard, on the ground that the sale made to plaintiff was void, because he had not paid the purchase money; and also on the ground that the land claimed did not belong to Philip Whitesides, at the sale of whose succession plaintiff had purchased, but on the contrary belonged to the estate of one Peter Barbary, deceased, under whom they claimed.

2. That the sheriff seized the land without giving plaintiff any previous notice, and that the notice given after seizure was only of three days, when he was entitled to five full days, because he lived at a distance of more than forty miles from the residence of the judge who granted the order.

I. On the argument of this cause, we were forcibly struck with the singular, anomalous and unaccountable part acted, throughout these proceedings, by the defendant in injunction. We find him praying for the rescission of the sale of property conveyed to plaintiff by himself, as curator of the estate of Philip Whitesides, and at the same time joining a stranger, and claiming jointly with him the same property as belonging to the estate of one Peter Barbary, under whom they claim, and not to the succession of P. Whitesides, of whom defendant states himself and his brother to be sole heirs. After all this, he proceeds to enforce the payment of the price by taking out an order of seizure and sale against the same property, as curator of P. Whitesides. No effort having been made by defendant's counsel to explain this course of conduct, we shall certainly make none to understand it, and shall pass it without further comment.

The suit for the land, and that on the proceedings enjoined, came up for trial on the same day. The demands in these two suits were clearly inconsistent and exclusive of each other. Although article 149, of the Code of Practice, speaks only of a cumulation of inconsistent demands in the same action, we see no good reason why the faculty therein given to a plaintiff to decide which demand he wishes to proceed with, should not extend to inconsistent demands in

EASTERN DIST.
*January,* 1840.

MORGAN
*vs.*
WHITESIDES'
CURATOR.

Two demands, clearly inconsistent and exclusive of each other, cannot be cumulated in the same action; but the plaintiff may make his election which he will proceed with, at the trial.

EASTERN DIST. two distinct actions. The election then was here made by
*January*, 1840. entering a discontinuance in the action for the land. On
the trial of the injunction case, the defendant offered an

MORGAN
*vs.*
WHITESIDES'
CURATOR.

extract from the minutes of the court, showing such discon-
tinuance. This was objected to by plaintiff, on the sole

An order for
the discontinu-
ance of a suit
may be used as
evidence of this
fact as soon as it
is entered on the
minutes It does
not require the
signature of the
judge.

ground that it was a judgment not signed, and could have
no effect before the last day of the term, according to article
555, of the Code of Practice. The court below admitted
the evidence, and, in so doing, we think, did not err. The
action of a court, on a motion to discontinue, cannot be viewed
in the light of a judgment. It decides nothing between the
parties, and the entry, when once made on the minutes of
the court, has all the effect which it can ever have or acquire
at any posterior time. The extract offered was, then, the
best evidence of the fact of discontinuance. We can ima-
gine none of equal dignity.

It is not enough
to obtain an in-
junction staying
executory pro-
ceedings, to
show an abstract
irregularity. In-
jury to the appli-
cant, or some
apprehension of
it, can alone jus-
tify a resort to
this remedy.

II. As to the second ground, the notice was irregular ; it
should have preceded the seizure; but it is not enough to
obtain an injunction to show an abstract irregularity. Injury
to the applicant, or at least some apprehension of it, can
alone justify a resort to this extraordinary remedy. Why
should we perpetuate an injunction staying an order of
seizure and sale, when it is clear the party enjoined has a
right to proceed to another seizure and sale, by taking out

So, an injunc-
tion should not
be granted to
stay an order of
seizure and sale,
when it is clear
the party has a
right to make
another seizure,
by taking out an
*alias* order.

an *alias* order. From the turn the proceedings have taken,
plaintiff has had now abundant notice of the seizure to be
executed against him, and no possible injury can result to
him from suffering the party to proceed with his writ accord-
ing to law. It appears, however, to us, that the court below
was wrong in decreeing costs against plaintiff, because, at
the time he sued out this injunction to stay defendant's pro-
ceedings, he was justified in that course by the suit for the
land then pending against him.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, as to the dissolu-
tion of the injunction, but be so amended that the costs of
both courts be paid by the defendant and appellee.