## C. TOLEDANO v. WILLIAM RELF.

Where a party in an authentic act, confesses the existence of a debt, and authorizes the creditor to enter up judgment without notice or delay, courts have the power, upon the exhibition of such an instrument, to carry into effect the agreement between the parties in the same manner as if the parties were present and confessing in open court. Parties can confess judgment by special power of attorney as well as in person.

Where a judgment rendered with a stay of execution for a certain time, has been recorded in the mortgage office, it operates as a judicial mortgage from the date of its recordation; although the delay for the issuance of the execution may not have expired.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. In this suit the controversy was between the plaintiff and *William Ryan*, third opponent. *H. H. Strawbridge*, for plaintiff. *John Gedge*, for third opponent. The judgment of the court was pronounced by

EUSTIS, C. J. This appeal is taken by the plaintiff from a judgment of the court of the Fourth District of New Orleans, by which the proceeds of certain slaves in the hands of the sheriff, were awarded to *Ryan*, a creditor by judicial mortgage, in preference to the plaintiff.

The plaintiff claims the proceeds of the slaves by virtue of a special mortgage, bearing date the 14th of February, 1848. This mortgage was given to secure the payment of a draft, of which the plaintiff was the acceptor; which draft was paid at its maturity. We determined, in the case of *Salaun* v. *Relf*, in which *Toledano* was a party, that *Toledano*, in paying this draft, paid his own debt, which the mortgage was given to secure; and the purpose of the mortgage being thus accomplished, as there was no reservation or qualification in the act of mortgage, and no other object disclosed in it, the mortgage could not be kept alive for any other object, or for the benefit of any other person, not resulting from the tenor of the draft itself. We held, that other mortgage creditors being strangers to the secret equities subsisting between the parties to the draft, their rights must depend upon the record of the debt and mortgage. 4th Ann. 576. We find no reason to doubt the correctness of this decision, and deem it sufficient to refer to the opinion of the court delivered in the case.

The plaintiff also claims precedence of the judicial mortgage of *Ryan*, by virtue of a subrogation to the rights of *Salaun*, a judgment creditor, whose case we

have just stated.  But the judgment of *Ryan* was recorded in the mortgage <span style="float:right">TOLEDANO<br>*v.*<br>RELF.</span>
office on the 16th July, 1847, previous to the recording of *Salaun's* judgment.

*Ryan*, the appellee, is a judgment creditor of the debtors, *John A.* and *Edward Weysham*.  The judgment was rendered, on confession, by the Third District Court, on the 15th of July, 1847.  Its validity has been assailed on various grounds by the counsel for the appellant.  It appears, that *Ryan* sold his stock in trade of hardware to the *Weysham's* for $17,401 40, of which $3000 was received in cash, and for the balance, $14,401 40, the purchasers subscribed eight several promissory notes, payable at different periods.  The sale was by authentic act, which, among other things, provided that the act should import confession of judgment, and that the said *Ryan* should have the right immediately, and before the delivery of the goods, to have judgment entered thereon for the amount of said notes, with interest, without any previous citation or notice ; that no appeal should be taken from said judgment, or any notice thereof to the defendants be required, provided that no execution should be taken on said judgment, except on the respective maturity of the notes.

On a petition filed on the same day by *Ryan*, judgment was rendered on this instrument, with a stay of execution, as therein provided, the plaintiff remitting to the defendants the sum of one thousand dollars ; an execution was taken out on this judgment, and the defendants appeared, by attorney, for the purpose of setting said execution aside, which rule, after an appearance, was discharged.

We understand the act on which the judgment was rendered, to contain a power to the creditor to enter up, formally, a judgment in a court having competent jurisdiction, which can be legally given to a plaintiff, when the defendant recognizes his right of action and confesses the debt.  On the exhibition of an act of this kind, we think, courts have the power to carry into effect the agreements of parties, in the same manner as they would act, were the parties actually present and confessing in open court.  In other words, that parties can confess judgment by a special power of attorney, as well as in person.  We think, there is nothing in this judgment which rendered it invalid.

We concur with the district judge in the opinion, that there is nothing in the release of *Ryan* of part of the property of the debtors from his judicial mortgage, which affords ground of complaint to the appellant.

The judgment of the district court is therefore affirmed, with costs.