# E. B. TOWNE *v.* J. W. COUCH, Sheriff, et. al.

There is nothing illegal in an agreement in the sale of a suit by which it is stipulated, that the suit shall be prosecuted in the name of the plaintiff, for the benefit of the assignees. Satisfaction of the judgment entered by the parties to the record, or by the sheriff, would protect the defendant.

TOWNE
*v.*
COUCH.

APPEAL from the District Court of Madison, *J. N. T. Richardson*, J. *W. Perkins*, for plaintiff. *J. J. Amonett*, for defendants. The judgment of the court *(Eustis*, C. J. absent,) was pronounced by

ROST, J. The plaintiff has enjoined an execution upon a twelve months' bond given by him in the suit of *Bruner, Morgan* and *Markham* v. *Lee*, for the purchase of an undivided half interest in certain sections of land seized in that suit as the property of *Lee*. The grounds of injunction insisted upon in this court are : First, that the plaintiffs in execution have no interest or property in the debt, having long since transferred it to the firm of *Martin, Pleasants & Co.* Second, that since the purchase of the property by the plaintiff, a suit has been commenced to evict him from one undivided half of it.

It is in evidence, that after the institution of the suit against *Lee*, the claim of the plaintiffs was transferred to *Martin, Pleasants & Co.*, with the express agreement, that the suit should go on in the name of the original plaintiffs, for the benefit of the assignees ; there is nothing illegal in such an agreement, and neither *Lee* or the present plaintiff have anything to do with it. A satisfaction of the judgment entered by the parties to the record, or by the sheriff, as the case may be, will sufficiently protect them.

On the trial, witnesses were offered by the defendant to testify, that at the sheriff's sale, the plaintiff's attorney and the sheriff proclaimed to the bidders, that the interest of *Lee* in the lands about to be sold, was only one-fourth instead of one-half, as stated in the advertisement ; and also, that the plaintiff in injunction knew the extent of *Lee's* interest, and the defects of the title he pretended to have. The plaintiff excepted to this testimony, on the ground that it contradicted the advertisement and the sheriff's deed ; the objection was overruled, and the plaintiff took a bill of exceptions.

The testimony may not have been admissible to contradict the advertisement and the sale by the sheriff, but it was properly received in support of the allegation in the answer, that the plaintiff had knowledge, at the time of the purchase, of the outstanding title to a portion of the land upon which he has since been sued ; the evidence establishes that fact conclusively, and the plaintiff has no color of right to refuse to pay the price before actual eviction. C. C. 2535, 2598. *Bemis* v. *Dwight*, 3d Ann. 337. *Fuller* v. *Harman*, 9 R. R. 205. *Salland* v. *Lee*, 9 R. R. 514.

The defendants have asked that the judgment be amended so as to allow them interest and damages. We think they are entitled to that relief.

The judgment is therefore amended, so as to allow fifty dollars for interest against the plaintiff, and the sum of fifty dollars for damages against him and *George D. Shadburne*, his surety on the injunction bond *in solido;* and, as amended, the judgment is affirmed, with costs.