WIDOW MICHEL BLONDIN *v.* C. CHRISTOPHE—W. B. KOONTZ, Intervenor.

It is sufficient proof of notice of the transfer of a judgment to show that it was left at the place of residence of the judgment debtor with his wife, as in case of a citation in civil process.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.
L. *Castera*, for plaintiff. J. *Magne*, for defendant and appellant.

BUCHANAN, J. We have not found in this record either direct proof or circumstances creating a presumption of simulation, in the transfer of defendant's judgment against *Marc Curel* to *William B. Koontz*, by notarial act of the 9th of December, 1854.

That transfer was made more than two years before the present plaintiff levied her execution upon the judgment transfer. The act of transfer was given in evidence without objection or qualification; and the answer of plaintiff to the third opposition of *Koontz*, did not raise the issue of simulation. The third opponent was, therefore, dispensed with the production of proof of the verity of the enunciations in that authentic act, concerning the consideration of the transfer. The consideration stated, was one hundred dollars cash in hand paid, and the assumption, by transferree, of all costs accrued, or to accrue, in the District or Supreme Courts, in relation to the claim transferred; and also of the fees of *Christophe's* counsel, in proceedings already had and to be had in relation thereto, not exceeding one hundred dollars.

The judgment thus transferred was rendered in June, 1854, and was for a sum of $541 08, with five per cent. interest from August, 1851, and amounted, in capital and interest, to $617 72, at the date of the transfer. The costs accrued before and since the transfer, which the transferree assumed, were unusually heavy. For not only was the suit of *Christophe* v. *Curel* litigated in two courts, but it became necessary, in order to execute that judgment, to institute a revocatory action against the judgment debtor's wife, which was also carried by appeal to the Supreme Court, and finally decided against *Curel and wife* in April, 1857. A few days after that final judgment, an execution was issued in the present suit, under which the judgment of *Christophe* v. *Curel* was seized.

The costs in the two suits of *Christophe* v. *Curel*, and *Christophe* v. *Curel and wife*, are shown to have amounted, upon final settlement, to . . . . . . . . . . . $419 35
Which added to cash paid by transferree . . . . . . . . . . . . . . . . . . . . . . . . . . . 100 00
And his obligation to pay counsel fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . 100 00

Makes a total of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $619 35

Evidently a most ample, if not superabundant consideration, for the purchase of a claim, only to be realised by the purchaser, through litigation upon litigation, extending through several years, and of which the present judgment is the closing scene.

The third opponent has made a sum of seventy dollars, upon an execution issued in 1856, in the suit of *Christophe* v. *Curel*, which sum was applied in part payment of costs in that suit. The counsel of plaintiff urges that the issuance of that execution in the name of *Christophe*, after the transfer of the judgment to *Koontz*, is a badge of simulation. It does not strike us in that light. Our practice does not require that a debt assigned before judgment, shall be prosecuted in the name of the assignee. 8 Rob. 261. And it is equally unnecessary, even supposing it to be practicable, to substitute the name of the assignee to that of the assignor, of a claim transferred *after* judgment.

The question of notice of the assignment, to *Curel*, the judgment debtor, remains to be considered.

The transferree of a debt is only possessed, as regards third persons, after notice to the debtor. Civil Code, 2613. The proof of notice in this case is as follows : The notary who made the act of transfer, testifies that he delivered a written notice of the transfer on the 11th December, 1854, at *Marc Curel's* residence, to the wife of *Marc Curel*, he not being at home. The notice was in the form of a letter directed to *Marc Curel*. In cross-examination, it appears that the witness was not previously acquainted with *Mrs. Curel*. A female presented herself, who, in answer to the witness's inquiry for *Marc Curel*, informed him that she was

*Curel's* wife, and that her husband was not at home.    Witness read to her the act of transfer, and gave her the letter or notice for her husband.    It is much insisted in argument that this proof of notice is insufficient.    But much consideration has brought us to the conclusion that notice has been (to use the words of the authorities, Hennen's Digest, *verbo Sale,* viii. No. 10,) *brought home* to *Curel.*    The service of the notice is the same, which is sufficient by law, in the case of a citation in civil process.    C. P., Art. 189.    The place of residence of *Curel* is designated with precision by the witness (corner of Esplanade and Conde streets), and no effort has been made to contradict any portion of his testimony.

Judgment of the District Court reversed ; and it is adjudged and decreed, that the third opposition of *W. B. Koontz,* appellant, be maintained ; that the garnishees be held to account to said *Koontz* for the funds in their hands, as disclosed by their answers to the interrogatories ; and that *Widow Blondin,* appellee, pay costs of the third opposition, and of the appeal.