## No. 2670.—Isaacson, Seixas & Co. *v.* J. P. Wall.

Where it is shown on the trial that a sequestration legally issued, the party obtaining it is not liable in damages, on account of the surety, whom the judge has approved, being subsequently ascertained not to be worth the amount of the bond.

APPEAL from Sixth District Court, Parish of Tangipahoa. *Ellis,* J. *Wilson & Perrin,* for plaintiffs and appellants. *T. & J. Ellis,* for defendant and appellee.

Ludeling, C. J. The plaintiffs sue the defendant on an account for articles of merchandise sold to him. They alleged they had the ven-

dors' privilege on the articles in the defendant's possession, and had them sequestered.

The defendant filed an answer, alleging that the surety on the sequestration bond was not worth the amount of the bond, denying plaintiff's privilege; denying that plaintiffs had fulfilled their contract to furnish the amount of goods stipulated, and alleging that the bill was due only at sixty days from its date, etc. He further alleged that the sequestration was wrongfully issued, and had caused him great damage, for which he prays judgment in reconvention.

The evidence establishes the correctness of the plaintiffs' claim, and that they have the vendor's privilege on the goods sequestered. It is evident that they would have been entitled to another writ of sequestration, if the one issued had been set aside on account of the surety not being good for the amount of the bond. 7 N. S. 406; 5 La. 61; 14 La. 277; 2 An. 488; 4 An. 107.

It is not easy to conceive how one, in the exercise of a right conferred on him by law, can render himself liable for damages, because the surety, whom the judge approved, was subsequently ascertained not to be worth the amount of the bond.

It is therefore ordered that the verdict of the jury be set aside; that the judgment of the court *a qua* be reversed and annulled, and that there be judgment in favor of the plaintiffs for $631 10, with five per cent. per annum interest thereon from thirty-first day of May, 1869, with a privilege on the property sequestered, to secure the same. It is further ordered that the defendant pay costs in both courts.