The verdict and sentence are therefore affirmed.

———

(107 So. 305)

No. 25847.

**THERIOT v. CONSOLIDATED COMPANIES, Inc.**

(Feb. 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Easements** ☞44(2)—**Servitude; reservation of 10-foot strip for use as driveway held to reserve passage to garage, obstructing further passage only.**

Where deed reserved right to use 10-foot strip as driveway, *held* that such right of passage extended only to garage situated thereon, and obstructing passage beyond, and removal of garage could not have been compelled as obstruction.

2. **Easements** ☞29—**Servitude; grantor, consenting to reconstruction of garage, renounced servitude of passage reserved in deed to whatever extent reconstruction interfered with use of servitude (Rev. Civ. Code, arts. 816, 819).**

Where grantor, reserving driveway, consented to reconstruction of garage, he re-nounced his servitude of passage to whatever extent reconstruction interfered with his use of servitude, in view of Rev. Civ. Code, arts. 816, 819.

3. **Easements** ☞24—**Servitude; purchaser with knowledge that vendor had renounced servitude of passage over adjoining lot to certain extent had no right to demand that original extent of servitude be re-established.**

Where purchaser of real estate bought with knowledge that vendor who had right of passage over adjoining lot had consented to reconstruction of garage interfering with servitude of passage, he has no right to demand that original extent of servitude be re-established.

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; Hugh M. Wallis, Jr., Judge.

Action by Eloi Theriot against Consolidated Companies, Inc. From a judgment for defendant, plaintiff appeals. Affirmed.

Harris Gagne, of Houma, for appellant.

Wurzlow & Watkins, of Houma, for appellee.

O'NIELL, C. J. Plaintiff sued to compel the defendant to remove a garage obstructing a driveway claimed by plaintiff on defendant's land. Plaintiff also claimed damages for the obstruction of the driveway, and for the dripping of water upon his land from the roof of the garage. The district court gave judgment for defendant, rejecting plaintiff's demands. He has appealed from the judgment.

Plaintiff and defendant own adjoining lots, fronting on the north side of Main street, in Houma, and extending northward to Bayou Terrebonne. Plaintiff's lot is on the west, and defendant's on the east, side of the dividing line. Both parties bought from E. J. Richaud, whose residence, now owned and occupied by plaintiff, was very close to the western boundary of the lot which he sold to defendant. What plaintiff claims is a 10-foot driveway, or right of passage, along the

western edge of defendant's lot from Main street to the bayou.

In the sale by Richaud to the defendant, dated the 5th of March, 1921, the following reservations were made, viz.:

"The said Richaud further reserves and excepts from this sale and transfer, but only on the conditions hereinafter fully appearing,

"(1) The use, for himself and the members of his immediate family, of one-half of the garage located on the property sold and conveyed, which use shall be strictly personal to the said Richaud and his immediate family, and only for as long as the said Richaud occupies his present residence premises, but no longer.

"(2) The said Richaud further reserves for the benefit and advantage of the property excepted from this present sale and transfer, but only for so long as the said property is occupied and used as residence premises, but no longer, the right of passage on, over and across the upper or westernmost ten feet front of the property herein sold and conveyed, from Main street to the rear, for use as a driveway."

In the sale from Richaud to the plaintiff, dated the 17th of September, 1921, of the land which he had retained, and the residence on it, there was included the right of passage, which Richaud had reserved on the land that he had sold to defendant, viz.:

"Together with all the buildings and improvements thereon and all the rights, ways, privileges and servitudes thereto belonging, particularly the right of passage on, over and across the upper or westernmost ten feet front of the property of the Consolidated Companies, Incorporated, from Main street to the rear, as a driveway, which right shall exist in favor of the property here sold and conveyed only so long as the said property is occupied and used as residence premises, but no longer; being the same property and rights reserved to the said Richaud in the aforementioned authentic act of sale of March 5, 1921," etc.

Richaud continued to occupy the residence on the lot which he reserved from the sale to the defendant until he sold it to plaintiff, who immediately went into possession and continued residing there.

At the time of the sale by Richaud to de-fendant, the garage, which Richaud reserved the use of, was situated in the northwest corner of the lot sold to defendant, on or near the bayou bank; the west end of the garage extending across the 10-foot driveway, to the western boundary of it, with the door which Richaud used facing Main street. After the sale to defendant, but before the sale to plaintiff, the defendant, with Richaud's consent and approval, remodeled or rearranged the garage, extending it lengthwise along the driveway, with the front wall, and door which Richaud used, nearer to Main street. It appears that, as the garage stood when Richaud sold to the defendant, there was room for a vehicle to turn westward between the corner of Richaud's residence and the corner of the garage, and enter Richaud's back yard. It does not appear, however, that the driveway was used as an entrance to Richaud's back yard. The reconstruction and rearrangement of the garage brought the front wall so near the corner of Richaud's residence as to make it inconvenient, if not impossible, for a vehicle to pass from the driveway into Richaud's back yard. The driveway was therefore of no further use to Richaud except as an entrance to the defendant's garage, which Richaud had the use of.

Plaintiff inspected the premises, and was well aware of the situation of the garage before he bought from Richaud. Soon after he had bought, he called at defendant's office, and asked for the key to the garage. An officer of the company declined to give him the key, reminding him that the right which Richaud had reserved to use half of the garage was only a personal right of Richaud and his immediate family, and had continued only so long as they resided on the lot which Richaud had reserved from the sale to defendant. Plaintiff admits that he knew that he had no right to use the garage, and that his only purpose in asking for the key was to put the defendant in default, and then de-

mand that the garage be removed from the driveway so as to leave it unobstructed from Main street to Bayou Terrebonne.

The theory on which the plaintiff claims the right to have the garage removed from the driveway is that Richaud consented to the obstruction of the passageway only because he had the use of the defendant's garage, and had no other use for the driveway except to go to and from the garage, and thereafter, if he had been denied the use of the garage, he would have had the right to have the obstruction removed from the driveway. That may be true, because Richaud and his family did have the right to use the garage, but the right was not transferable. The plaintiff did not acquire, and does not pretend to have acquired, the right to use the defendant's garage. Therefore, even if it should be conceded that Richaud would have had the right to compel the defendant to remove the garage from the driveway if he, Richaud, had been denied the use of the garage, it does not follow that the plaintiff had such right.

[1] Our opinion is that the servitude of passage reserved by Richaud was intended originally to go only to and into the garage, and not to the bayou. Our opinion in that respect is founded upon the fact that the garage was there, obstructing the passage to the bayou, when the servitude of passage was reserved, and upon the declaration in the reservation that the right of passage was reserved "for use as a driveway." For that reason we doubt that Richaud could have compelled the defendant to remove the garage from the driveway to permit him (Richaud) to drive to the bayou. He had the right, of course, to use the driveway as an entrance to his back yard before he consented to the obstruction of the passage to that extent. And, as the servitude of passage in this case was, unlike the right which Richaud had to use the defendant's garage, a real or predial servitude, in favor of the estate

which the plaintiff now owns, he would now have the right of passage to his back yard if it had not been obstructed by Richaud or with his consent.

[2] It is a matter of no importance now whether Richaud had or had not the right, before he consented to the reconstruction of the garage, to compel the defendant to remove it so that he (Richaud) might drive to the bayou, for, if he had that right, he renounced it by consenting to the reconstruction of the garage in a way that obstructed the passage to the bayou more than it was obstructed when the right of passage to the garage was reserved. In fact, by consenting to the reconstruction of the garage, Richaud renounced his servitude of passage to whatever extent the reconstruction interfered with his use of the servitude.

"Servitudes are also extinguished by the renunciation or voluntary release of them by the owner of the estate to which they are due.

"This renunciation or release may be express or tacit." Rev. Civ. Code, art. 816.

"The release of the servitude is tacit, when the owner of the estate to which it is due permits the owner of the estate charged with the servitude, to build on it such works as presuppose the annihilation of the right, because they prevent the exercise of it; for example, if he should permit the field, through which he has a right to pass, to be closed by a wall." Rev. Civ. Code, art. 819.

"The erection of works contrary to the servitude, may, it is true, have the effect of extinguishing the servitude. But this effect follows, according to article 816, only when the owner of the estate to which the servitude is due, has given an express permission or consent to the erection of such works, either verbally or in writing," etc. Lavillebeuvre v. Cosgrove, 13 La. Ann. 324.

[3] The plaintiff in this case bought with knowledge of the facts which had extinguished the servitude of passage, in so far as the use or exercise of it was interfered with by the garage, as it stood when he bought. He has no right to demand that the original extent of the servitude be re-established.

The learned counsel for appellant does not

urge his demand for damages for the dripping of water from the roof of the garage to his land. We assume that the claim is abandoned, for, in fact, no damage was done in that way, and there is no demand in this suit to abate the alleged nuisance, except as an incident of the demand that the garage be removed entirely from the 10-foot driveway. Our conclusion is that the judgment rejecting the demand is correct.

The judgment is affirmed.