(110 So. 84)

No. 26034.

FIRST NAT. BANK OF MIAMI v. JEFFERSON CONST. CO.

(Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Principal and surety ⊂⊃185—Suretyship.**

Principal impliedly agrees to reimburse surety when latter has paid debt, in view of Rev. Civ. Code, art. 3052.

**2. Judgment ⊂⊃879.**

One who recovered judgment against maker and indorser of note may enforce it against maker on behalf of indorser who paid it.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge.

Action by the First National Bank of Miami against the Jefferson Construction Company to have a foreign judgment made executory within this State. Judgment for plaintiff, and defendant enjoined the execution. From a judgment dissolving such injunction with damages, defendant appeals. Affirmed.

T. S. Walmsley and Spearing, Miller & Mabry, all of New Orleans, for appellant.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellee.

ST. PAUL, J. Plaintiff brought suit in Florida against this defendant as maker and against one Manley as indorser of a certain promissory note therein sued upon; and therein had judgment against both said defendants in their aforesaid capacities. There was no appeal.

I.

Thereafter plaintiff brought suit against this defendant in this state to have said judgment made executory here, and therein had judgment accordingly. Again there was no appeal.

II.

Thereupon plaintiff took out an execution; and this defendant then enjoined said execution on the ground that said judgment had been fully paid by said Manley, and that said execution was an attempt on the part of plaintiff to collect said amount in the interest of said Manley, and that the amount, if collected, would be credited (and paid) to said Manley.

Whereupon plaintiff admitted (and afterwards proved) that these allegations were true.

III.

[1] It is universally recognized law, that:

"There is always at least an implied contract between the parties which obliges a principal to reimburse his surety when the latter has paid the debt." 32 Cyc. 250.

The statutory law of Florida so provides. Laws 1855, c. 765, §§ 1 and 2; Laws 1913, c. 6486, §§ 1, 2 and 3. And so also does the law of this state. R. C. C. art. 3052.

IV.

[2] And the settled jurisprudence of this state is that an action may be maintained by, and in the name of, the nominal creditor for the use and benefit of the real creditor, reserving to the debtor his right to set off such

equities, if any, as he may have against the real creditor. Succession of Delassize, 8 Rob. 259; Towne v. Couch, 7 La. Ann. 93; Blondin v. Christophe, 13 La. Ann. 324; Smith v. Atlas Steam Cordage Co., 41 La. Ann. 1, 5 So. 413; Ruddock v. Peyret, 111 La. 1019, 36 So. 105; Dugue v. Levy, 120 La. 369, 45 So. 280; Hanton v. Light & Power Co., 124 La. 562, 50 So. 544; Griffith v. Keller, 147 La. 540, 85 So. 233; Reisz v. Railroad Co., 148 La. 929, 88 So. 120.

### V.

The trial judge therefore properly held that the injunction issued without just ground; and accordingly we see no error in the judgment dissolving said injunction with damages.

#### Decree.

The judgment appealed from is therefore affirmed.