The question of law involved herein has been tendered for decision in a joint petition of the parties thereto, under the provisions of Act No. 22 of the Extra Session of the Legislature of the year 1948, known as the "Declaratory Judgments Act." The facts of the case are:
The Monroe Floor Covering Company, Inc., was the common debtor of E. M. Steen, its lessor, Kimber-Murphy Manufacturing Company, Inc., hereinafter referred to as "Kimber", and Vestal, Inc., the last two being ordinary creditors to whom were due by the debtor amounts on open account.
Judgment was rendered and signed by the Court in favor of Kimber and against the common debtor for $713.34 on December 16, 1948.
Judgment was rendered and signed by the Court in favor of Vestal, Inc., and against the common debtor on February 7, 1949 for $308.00.
On January 24, 1949, judgment was rendered in favor of Steen, the lessor, against the common debtor, and his lien and privilege were recognized upon the chattels seized under provisional seizure. Fi fa issued under this judgment, the chattels were seized thereunder and were advertised for sale on February 19, 1949. There was no appeal from either judgment.
On February 11, 1949, Vestal, Inc., had fi fa issued on its judgment, then only four days old, and the same property seized under the Steen judgment was seized thereunder.
On February 12, 1949, Kimber also had fi fa issued on its judgment under which the same property was promptly seized. The seized property was sold by the Sheriff, as advertised, and Steen's judgment was paid in full. There remained $213.22 in the Sheriff's hands and he refused to pay the amount to either Kimber or the Vestal, Inc., without authority of the Court, although the mortgage certificate disclosed the rank of the judicial mortgages to be in order, Steen, Kimber, Vestal, Inc. He joins in the joint petition and prays that adjudication be made of the issue tendered.
Reduced to concrete form, the issue tendered is this: As to the fund in the Sheriff's hands, should it be paid over to Vestal, Inc., who levied seizure on the property one day prior to Kimber's levy thereon, although its judgment was only four days old, or to Kimber, from whose judgment at the time there could be no suspensive appeal?
The lower Court held for Kimber, and Vestal, Inc., appealed.
It is conceded by all concerned that the simple registry of a judgment creates no lien or privilege on movable property. Such *Page 509 
a judgment becomes effective as against movables only from seizure under a writ of fi fa issued in the manner provided by law.
Pertinent to the issue herein are Articles Nos. 624, 722 and 723 of the Code of Practice. The last two read as follows:
Article No. 722: "The creditor, by the mere act of seizure, is invested with a privilege on the movable and immovable property thus seized, which entitles him to a preference over other creditors, unless the debtor has become bankrupt previous to the seizure.
Article No. 723: "When several successive seizures are made of the same property, the creditors making them are entitled to a preference over other ordinary creditors, according to the order of their seizures."
The following part of Article No. 624 is germane, viz.: "Respecting judgments subject to appeal, the party in whose favor one is rendered can only proceed to the execution after ten days, counting from the notification which he is obliged to make to the opposite party, if the latter has not appealed from the judgment within this interval * * *."
It has been held that premature issuance of a fi fa is not an absolute nullity, but more in the nature of an irregularity; and that if no suspensive appeal is taken by the debtor within the legal delay (ten days), immediately thereafter the seizure becomes valid, but these decisions do not say, nor do we think they intend to say that the seizure, as to third persons, who have acquired rights through seizure of the property in the interim, dated from the date of its levy. It operates only prospectively.
The reported cases cited by the appellant deal with controversies in which only a judgment debtor and his creditors are involved. There is no doubt that a judgment debtor could quash a seizure made of his property under a premature fi fa, if he acted within the delay he has for perfecting a suspensive appeal. Article No. 624 of the Code of Practice clearly says that the person in whose favor a judgment (money) is rendered "can only proceed to the execution after ten days", which means that conditions, as regards the judgment, have to remain dormant until the defendant's right of appeal has expired. To that time the judgment has not the force and effect it attains subsequent thereto, no appeal being perfected. Article No. 723 of the Code of Practice states, in effect, that when successive seizures are made under different judgments on the same property, the order of precedence is determined from the order of the seizures. Surely this refers to seizures made under judgments that have become executory, that is, judgments from which no suspensive appeal lies.
Article No. 722 of the Code of Practice, supra, declares that by the mere act of seizure the creditor is invested with a privilege on the movable, which entitles him to a "preference over other creditors", etc. Again we say this article has reference to a seizure under a judgment that has become executory. For any seizure of property to be effective, it must have as its basis or authority a legal, valid foundation. To illustrate: Should a seizure be made under a writ of seizure and sale prior to the expiration of the delay accorded the debtor to pay, the seizure, of course, would be invalid and unlawful and could be set aside by appropriate proceedings.
Analogous to the question before us is that of the inscription of a judgment in the mortgage records within the time allowed for appeal therefrom, or while suspensive appeal is pending. This question was discussed and ruled on in State ex rel. Macheca v. Dunn, 148 La. 460, 87 So. 236, 238, wherein it is said: "The recording of a judgment on the mortgage record, so as to create a judicial mortgage, is, to that extent, an execution of the judgment."
This case was cited and the holding disclosed from the above quoted excerpt, approved in Denny v. Jefferson Construction Company, 164 La. 775, 114 So. 650.
If the premature recordation of a money judgment in the mortgage office is, in effect, an act "in the execution thereof", as mentioned in Article No. 624 of the Code of Practice, and abortive, surely the premature issuance of a fi fa and a seizure thereunder, *Page 510 
are acts in "execution of the judgment" and equally abortive, as against the rights of third persons, if against none other.
We are of the opinion that the judgment appealed from is correct. It is hereby affirmed with costs.